■ PET PROFESSIONALS OF NEW YORK CITY, Appellant, et al., Plaintiffs, v CITY OF NEW YORK et al., Respondents. [627 NYS2d 728] —In an action, inter alia, for a judgment declaring unconstitutional New York City Health Code (24 RCNY) §§ 161.04 and 161.15, the plaintiff Pet Professionals of New York City appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Hutcherson, J.), dated January 15, 1993, which denied the plaintiffs' motion to strike the defendants' answer and for summary judgment, and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is modified, on the law, by adding thereto a provision declaring that New York City Health Code (24 RCNY) §§ 161.04 and 161.15 are constitutional; as so modified, the order and judgment is affirmed, with costs to the respondents.

In 1989, the American Society for the Prevention of Cruelty to Animals informed the City of New York that as of July 1, 1990, it would no longer issue dog licenses. Pursuant to New York City Dog License Law § 8-c (see, Agriculture and Markets Law § 107, Historical and Statutory Notes), the Mayor of the City of New York designated the Department of Health as the city agency responsible for dog licensing. On June 26, 1990, the Board of Health adopted amendments to New York City Health Code (24 RCNY) §§ 161.04 and 161.15 implementing the new dog licensing program. The amendments provided, inter alia, that those issued a permit pursuant to New York City Health Code (24 RCNY) § 161.09 must provide dog license

applications to any "individual seeking to purchase, adopt, groom, train, or board a dog" (New York City Health Code [24 RCNY] § 161.15 [b]). In addition, the permittees were required to report on a monthly basis to the Department of Health all licensed or unlicensed dogs which have been sold, adopted, groomed, trained, boarded, sheltered or otherwise served *(see,* New York City Health Code [24 RCNY] § 161.15 [c]).

Contrary to the plaintiff's contention, the amendments to the Health Code are not inconsistent with State law. New York City Dog License Law § 8-c *(see,* Agriculture and Markets Law § 107, Historical and Statutory Notes) conferred authority upon the Mayor to designate a city agency to license dogs. The statute does not provide any limitations upon the agency's performance of its duty. The only requirement under the law is that dog owners procure dog licenses *(see,* New York City Dog License Law § 1 [L 1894, ch 115]). The amendments contain a similar provision *(see,* New York City Health Code [24 RCNY] § 161.04). Thus, the amendments do not prohibit what would have been permissible under State law or impose prerequisite additional restrictions on rights under State law *(see, Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99, 108; *see also, New York State Club Assn. v City of New York,* 69 NY2d 211, 217, *affd* 487 US 1).

Additionally, the Department of Health had the power under the New York City Charter to adopt the amendments in order to carry out its duties *(see,* New York City Charter §§ 558, 1043). The agency was merely filling in the details of broad legislation describing the over-all policy to be implemented *(see, Boreali v Axelrod,* 71 NY2d 1, 13). Therefore, it was unnecessary for either the State Legislature or the City Council to ratify the amendments.

Further, the plaintiff has failed to establish that the amendments " '[are] so lacking in reason for [their] promulgation that [they are] essentially arbitrary' " *(New York State Assn. of Counties v Axelrod,* 78 NY2d 158, 166, quoting *Matter of Marburg v Cole,* 286 NY 202, 212). Controlling animals within New York City is a legitimate government interest. The amendments ensure that the greatest number of dogs will be identified.

The plaintiff's remaining contentions fail to raise triable issues as to the constitutionality of the amendments. Thus, the Supreme Court properly granted the defendants' cross motion for summary judgment.

We note that since this is a declaratory judgment action,

the Supreme Court should have directed the entry of a declaration that the subject statutes are constitutional rather than dismissal of the complaint (see, Lanza v Wagner, 11 NY2d 317, 334, cert denied 371 US 901). Bracken, J. P., Copertino, Krausman and Florio, JJ., concur.